**Joseph V. BASILE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 92–3118.

United States Court of Appeals, Seventh Circuit.

Argued June 16, 1993.

Decided July 21, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 1, 1993.

275

J. Robert Cooper, Cooper & Associates, Atlanta, GA, for petitioner-appellant.

Chris R. Larson, Office of the U.S. Atty., Eric J. Klumb, Asst. U.S. Atty., Meissner & Tierney, Milwaukee, WI, for respondent-appellee.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

MANION, Circuit Judge.

In June of 1985 Joseph Basile pleaded guilty to various drug-related offenses. He received a sentence of twenty-two years in prison plus a special parole period of three years. In June of 1992, after an unsuccessful attempt to obtain a favorable parole decision from the United States Parole Commission, Basile filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. He raised three claims, but he advances only one of them on appeal: that the sentencing court violated Federal Rule of Criminal Procedure 32(c)(3)(D) by neglecting to resolve a factual dispute that arose during sentencing and by failing to attach its finding to the presentence report. The district court denied Basile's § 2255 motion. For the reasons that follow, we affirm.

## I. Background

Basile pleaded guilty to one count of conspiring to distribute cocaine and to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, two counts of possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of traveling interstate to promote unlawful activity in violation of 18 U.S.C. § 1952(a)(3). The charges against Basile stemmed from his involvement in the cocaine distribution business of Anthony Pipito. Pipito sold about five kilograms of cocaine per month in the year prior to his arrest in November of 1984. During this period of time he also obtained more than thirty kilograms of cocaine from his suppliers in Florida and California. Basile was one of Pipito's biggest customers. He also was Pipito's assistant. His duties included strong-arming customers into paying their drug-related debts and transporting cocaine from Florida to Milwaukee.

Basile was sentenced in December of 1985, nearly two years before the Sentencing Guidelines went into effect. He disputed three items in the presentence report, but only one of them is relevant to this appeal. The report contained competing interpretations of a small portion of a taped conversation between Pipito and Basile during which

Basile mentioned "forty-four pounds." The government claimed that Basile was referring to the amount of cocaine that he had personally delivered to Pipito. Basile vehemently disagreed and maintained that the government had interpreted the reference to forty-four pounds without considering the context in which it was made. He claimed that when he mentioned the forty-four pounds he was arguing about money that Pipito owed him, and he was referring to the amount of cocaine that he had seen in Pipito's possession, not to the amount that he had delivered. Neither Basile nor the district court requested that the government produce the transcript of the entire conversation. The court imposed a sentence of concurrent terms of eighteen, fifteen, and eight years in prison for the conspiracy and possession charges, and a consecutive term of four years in prison for the charge of traveling interstate to promote criminal activity, plus a special parole period of three years. Basile did not appeal his sentence.

In March of 1991 Basile was given an initial parole hearing. The panel of examiners issued a Notice of Action rating the severity of Basile's offense as "category eight" because he conspired to distribute more than 18.75 kilograms of cocaine. He was assigned a "salient factor score" of five. The upshot was that Basile would have to serve at least 150 months before he could be released from prison. Basile appealed to the United States Parole Commission, which affirmed the panel's decision. He subsequently filed a motion to reconsider with the Commission pursuant to 28 C.F.R. § 2.28(a)(1991), which was denied. In June of 1992 Basile filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. In this motion Basile alleged that 1) the district court had failed to comply with Federal Rule of Criminal Procedure 32(c)(3)(D) by not resolving the dispute about the forty-four pounds of cocaine and attaching a record of its finding to the presentence report; 2) the government should have disclosed to him the full transcript of the taped discussion during which the reference to forty-four pounds of cocaine was made; and 3) the court unduly relied on Basile's prior criminal record. The district court denied Basile's motion after

concluding that Basile could have raised any of these claims on appeal, and that he could show neither cause for not having done so nor prejudice resulting from the alleged errors.

## II. Analysis

■ The only claim that Basile advances on appeal is that the sentencing court violated Federal Rule of Criminal Procedure 32(c)(3)(D) by not resolving the dispute about the forty-four pounds of cocaine and attaching its finding to the presentence report. Certainly this claim would be cognizable if Basile had raised it in a direct appeal of his sentence. *See Levesque v. Brennan,* 864 F.2d 515, 517 (7th Cir.1988). But Basile did not. Instead he raised his claim in a motion for postconviction relief. As a result, his grounds for relief are narrower than they would be on direct appeal. *Davis v. United States,* 417 U.S. 333, 346–47, 94 S.Ct. 2298, 2305–06, 41 L.Ed.2d 109 (1974); *Sunal v. Large,* 332 U.S. 174, 178–79, 67 S.Ct. 1588, 1590–91, 91 L.Ed. 1982 (1947). Basile must show that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

■ It is clear from this language that a mere "technical" violation of Rule 32 cannot be corrected in a proceeding under § 2255. The Supreme Court so held in *Hill v. United States,* 368 U.S. 424, 427, 82 S.Ct. 468, 470–71, 7 L.Ed.2d 417 (1962). The mere violation of a Federal Rule of Criminal Procedure is not, in the language of § 2255 itself, a jurisdictional or a constitutional error. Nor does such a violation rise to the level of a "fundamental defect" that results in a "complete miscarriage of justice" or "an omission" that is "inconsistent with the rudimentary demands of fair procedure." *Id.* at 428, 82 S.Ct. at 471; *cf. Scott v. United States,* 997 F.2d 340, at 342 (7th Cir.1993) (misapplication of Sentencing Guidelines did not rise to level of "complete miscarriage of justice").

Basile can seek relief via § 2255 for the alleged violation of Rule 32(c)(3)(D) only to the extent that he claims that the violation deprived him of due process of law. *See Johnson v. United States,* 805 F.2d 1284, 1287–88 (7th Cir.1986). In other words, if what Basile is complaining about is a violation of a Federal Rule of Criminal Procedure and not a violation of the Due Process Clause of the Fifth Amendment, he has not raised a ground for relief under § 2255.

Basile does not argue here, nor did he argue before the district court, that the sentencing court's alleged failure to comply with Rule 32 deprived him of due process of law; rather, from the beginning he has focussed entirely upon the "technical" requirements of Rule 32. In his § 2255 motion he claimed that he was entitled to relief because the sentencing court "failed to follow the provisions of Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure." On appeal, Basile makes a single argument: the sentencing court failed to comply with Rule 32 and, for that reason, we must vacate his sentence and remand for resentencing. In support of this argument, he states that "strict compliance with Federal Rule of Criminal Procedure 32(c)(3)(D) is mandatory," and that Rule 32 requires that a written record of the sentencing court's findings be attached to the presentence report. These statements may be truisms, and his assertion that the sentencing court did not comply with Rule 32 may be correct. Nevertheless, Basile cannot obtain relief under § 2255 unless the gravamen of his claim is that in failing to resolve the dispute over the forty-four pounds of cocaine and in failing to attach its finding to the presentence report the sentencing court denied him due process of law. *Johnson,* 805 F.2d at 1288. Because Basile has confined his arguments to the issue whether the sentencing court violated Rule 32(c)(3)(D), the gravamen of his claim is due process only if due process and Rule 32 may be considered coextensive.

 Nevertheless, it is clear that due process and Rule 32 are not coextensive. A criminal defendant has been denied the protections of Rule 32(c)(3)(D) if a sentencing court fails to make a finding regarding the accuracy of a challenged factual matter or determines that no reliance will be placed on that factual matter at the time of sentencing. But he has not been denied due process unless, in imposing the sentence, the court relied on false information. *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972). It follows that a sentencing court can run afoul of Rule 32(c)(3)(D) without depriving a defendant of due process of law. All that Basile has alleged is that the sentencing court failed to comply with the requirements of Rule 32(c)(3)(D). The gravamen of his claim is not due process. We therefore must conclude that Basile's claim is not cognizable under § 2255.

The district court's judgment denying Basile's § 2255 motion is AFFIRMED.