16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gilbert SPEARS, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2427.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 16, 1993.*
Decided Jan. 10, 1994.
 
 Appeal from the United States District Court for the Central District of Illinois, Peoria Division, Case Nos. 88-10049-01, 91-1086 Michael M. Mihm, Chief Judge.
 
 
 1
 C.D.Ill.
 
 
 2
 AFFIRMED.
 
 ORDER
 
 3
 Gilbert Spears, Sr., was the leader of a cocaine distribution enterprise that involved several members of his family, including his late wife. In 1989, he pleaded guilty to one count of conducting a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848, and one count of distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced under the Sentencing Guidelines to 235 months of imprisonment and five years of supervised release. Spears did not directly appeal his sentence or conviction. He instead filed a collateral challenge to his sentence pursuant to 28 U.S.C. Sec. 2255, and moved the district court to disqualify itself from considering the Sec. 2255 motion. The district court appointed an attorney to represent Spears, then held separate evidentiary hearings on the motions. Both motions were denied, and Spears now appeals.
 
 
 4
 Spears first argues that Chief Judge Mihm erred in refusing to disqualify himself on the ground of personal bias against Spears, as required by 28 U.S.C. Sec. 455(a). Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality may reasonably be questioned." Spears contends that Chief Judge Mihm's vehement remarks at sentencing demonstrated that the judge was incapable of an unbiased consideration of Spears' Sec. 2255 motion. Spears' claim fails for two reasons. First, Chief Judge Mihm was not required to recuse himself from consideration Spears' Sec. 2255 motion because of knowledge gained about Spears in the course of another judicial proceeding. See United States v. Bond, 847 F.2d 1233, 1241 (7th Cir.1988) (citing United States v. Grinnell Corp., 384 F.2d 563, 583 (1966)).[1] Second, Chief Judge Mihm nevertheless appointed an attorney to represent Spears and held an evidentiary hearing on the recusal motion.[2] At the close of the hearing, the judge concluded that (1) he bore no personal bias against Spears, (2) his remarks at sentencing were directed at Spears' conduct, not at Spears personally, so that there was no basis for a reasonable person to believe that he could not be fair, and (3) he would be able to consider the merits of Spears' Sec. 2255 motion with impartiality. (R. at 303.) There is nothing in the record that would lead us to doubt this assessment or disturb the judge's ruling.
 
 
 5
 Spears next argues that the district court erred in holding that he had procedurally defaulted on his claims of sentencing error, which include challenges to the court's reliance on an inaccurate presentence report, its decision to impose the highest sentence available within the guideline range, and its refusal to consider mitigating factors such as age and health.
 
 
 6
 The district court correctly held that Spears' failure to challenge his sentence on direct appeal bars him from attacking it in a Sec. 2255 motion absent a showing of cause for the procedural default and actual prejudice. United States v. Frady, 456 U.S. 152, 167-68 (1982); Salberg v. United States, 969 F.2d 379, 381 (7th Cir.1992). The district court determined that although Spears may have believed that a direct appeal of his sentence would have prompted the government to prosecute his terminally ill wife, neither the government nor Spears' attorney ever indicated to Spears that the dismissal of the indictment against his late wife was contingent upon his decision to forego his right of appeal. To reach this conclusion, the district court credited attorney Frank Picl's testimony that Spears told him that he did not wish to appeal, and discredited Spears' claim that Picl had led him to believe that by filing an appeal, he would jeopardize his late wife's case. (Tr. 35-36.) The district court's credibility determinations may not be disturbed absent clear error, and we have found none. See Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985); United States v. Cardona-Rivera, 904 F.2d 1149, 1152-53 (7th Cir.1990). Spears has therefore failed to establish cause for the default.
 
 
 7
 Spears' claims that his presentence report was inaccurate and that his sentence was unduly harsh given his age and medical condition suffer from a more serious flaw: unless the alleged error in Spears' presentence report resulted in a denial of due process, it is not a ground for collateral relief under Sec. 2255. See Basile v. United States, 999 F.2d 274, 277 (7th Cir.1993) (citing United States v. Tucker, 404 U.S. 443, 447 (1972)). Moreover, even a direct appeal of the district court's discretionary decision not to depart downward pursuant to Sec. 5H1.4[3] and to impose the maximum sentence within the applicable sentencing guideline range would have been unavailing, since we are without jurisdiction to review either of these claims. See United States v. Helton, 975 F.2d 430, 434 (7th Cir.1992); United States v. Braslawsky, 913 F.2d 466, 467 (7th Cir.1990); 18 U.S.C. Sec. 3742(a); cf. Durrive v. United States, No. 92-3872, slip op. at 4-6 (7th Cir. Sept. 10, 1993) (discussion of sentencing errors that may be challenged on direct, but not collateral, review); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (same). Claims of error which cannot be brought on collateral--or even direct--review need not be analyzed for procedural default. See Basile, 999 F.2d at 274-77.
 
 
 8
 The district court also concluded that Spears' ineffective assistance of counsel claim was not procedurally barred (since it depended upon extrinsic evidence, see United States v. Taglia, 922 F.2d 413, 418 (7th Cir.), cert. denied, 111 S.Ct. 2040 (1991)), but then ruled against Spears on the merits. (Tr. at 73-77.) Spears contends that he derived no benefit from his counsel's advice to plead guilty, and that he would have insisted on going to trial had he known that a guilty plea would not spare him from a virtual life sentence. A defendant's claim that he could not have received a harsher sentence had he insisted on going to trial does not serve to demonstrate that his attorney's performance was objectively unreasonable, see Strickland v. Washington, 466 U.S. 668, 687-88, 689 (1984), or that the outcome of the proceeding was unreliable or fundamentally unfair, see Lockhart v. Fretwell, 113 S.Ct. 838, 841 (1993); Hill v. Lockhart, 474 U.S. 52, 59-60 (1985). Our review of the record gives us no reason to believe that if Spears had gone to trial, he would have had a reasonable chance of receiving a significantly shorter sentence. See Hill, 474 U.S. at 59 (citing Evans v. Meyer, 742 F.2d 371, 375 (7th Cir.1984)); see also Strickland, 466 U.S. at 694; Durrive, slip op. at 5-6. Although Spears' disappointment with his sentence is understandable, he has not demonstrated that his counsel's performance was constitutionally deficient.[4]
 
 
 9
 The decision of the district court is therefore
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 See also United States v. Liteky, 973 F.2d 910 (11th Cir.1992) (per curiam ), cert. granted, 113 S.Ct. 2412 (1993); but see United States v. Chantal, 902 F.2d 1018, 1022-24 (1st Cir.1990) (information obtained in a judicial role may support claim of bias under Sec. 455(a))
 
 
 [2]
 Cf. Chantal, 973 F.2d at 1024 (case remanded to district court judge to determine in the first instance whether his impartiality may reasonably be questioned)
 3 U.S.S.G. Sec. 5H1.4 permits, but does not require, a district court to consider a downward departure when the defendant suffers from an "extraordinary physical impairment."
 
 
 [4]
 Spears' request for an attorney, which accompanied his statement requesting oral argument, is denied as moot