19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Brian R. KNOTT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3264.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1994.*
Decided March 8, 1994.
Rehearing Denied April 28, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Brian R. Knott is serving 78 months' imprisonment for conspiring to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), and for attempting to possess cocaine with intent to distribute, 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 2. In his direct appeal, he raised only one issue: whether the district court committed plain error when it charged the jury on the entrapment defense without instructing that it is the government's burden to prove beyond a reasonable doubt that the defendant was not entrapped. This court affirmed Knott's conviction in an unpublished order. (No. 89-2957, Aug. 21, 1990). Knott then filed a motion pursuant to 28 U.S.C. Sec. 2255 to vacate, correct, or set aside his sentence.
 
 
 2
 He raised four issues in his motion: that the district court incorrectly calculated the drug amount that was reasonably foreseeable; that the court erred in not granting a two-point reduction for his status as a minor participant; that the court improperly enhanced his sentence for obstructing justice based on a finding that Knott had committed perjury; and that the court erred in analyzing the factors used to determine the imposition of a fine. Following a response from the government, the district court denied the motion on the ground that Knott had failed to raise these issues on direct appeal and had not shown cause for and actual prejudice resulting from the default. Knott appeals pro se from the district court's denial of his Sec. 2255 motion.
 
 
 3
 Although challenges to sentencing errors are generally cognizable on direct appeal, the grounds for relief under Sec. 2255 are narrower. Basile v. United States, 999 F.2d 274, 276 (7th Cir.1993); see Johnson v. United States, 805 F.2d 1284, 1287 (7th Cir.1986). In order to obtain review under Sec. 2255 Knott must establish that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Basile, at 276. Even assuming Knott has cast his claims of sentencing error in Constitutional terms so as to present cognizable issues for review, he still faces a difficult hurdle.
 
 
 4
 By failing to bring these claims on direct appeal, Knott has waived collateral review, unless he can establish both cause for the procedural default and actual prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594 (1982); see Van Russell v. United States, 976 F.2d 323, 326 (7th Cir.1992). Rather than attempting to explain his procedural default, however, Knott's brief addresses the merits of the alleged errors as if he were proceeding on direct appeal. Moreover, the errors alleged are not "fundamental defects" such that the denial of his petition on procedural grounds would constitute a miscarriage of justice. Murry v. Carrier, 477 U.S. 478, 106 S.Ct. 2639 (1986); see Johnson, 805 F.2d at 1289-90 (Rule 32 violation). For these reasons, we conclude that the district court was correct to deny Knott's Sec. 2255 motion.
 
 
 5
 The judgment of the district court therefore is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The government has filed a statement in agreement with the court's conclusion, and no contradictory statement has been filed by the appellant. Accordingly, the appeal is submitted on the briefs and record