**UNITED STATES of America, Plaintiff,**

v.

**Andre W. AHERN, Defendant.**

**No. 93 C 5400.**

United States District Court, N.D. Illinois, Eastern Division.

Oct. 14, 1994.

Matthew Bettenhauser, Asst. U.S. Atty., Chicago, IL, for plaintiff.

Orest A. Jejna, Phoenix, AZ, for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This memorandum opinion and order deals with the latest of several motions that Andre Ahern ("Ahern") has filed seeking to overturn the $1.466 million restitution order that this Court imposed on him at the time of his sentencing on March 23, 1992. On December 10, 1991 Ahern had entered a guilty plea before this Court's colleague Honorable James Moran (who was handling this Court's motion call and other matters of course in this Court's absence), and the usual thorough presentence investigation report ("PSI") had been generated by this District Court's Probation Office before the sentencing date.[1] Just before the March 23 sentencing hearing the then counsel for Ahern tendered a quite minor proposed correction to the PSI.

At the sentencing hearing itself this Court fully apprised Ahern of all of his rights under Fed.R.Crim.P. ("Rule") 32(a)(1), and Ahern exercised his right of allocution (statements were also made by Ahern's counsel on his behalf and by the prosecutor). Based on the parties' presentations, this Court ordered that several corrections be made to the PSI (those corrections were implemented by the Probation Officer two days later). As for the sentence, this Court imposed the three-year custodial sentence that had been recommended by the United States (this was a pre-Sentencing Guidelines case), to be served concurrently with another sentence that had been imposed on Ahern in the Southern District of Illinois in October 1991, and it ordered the restitution amount that Ahern and his counsel and the government had expressly agreed in Plea Agreement ¶ 15 that Ahern could be ordered to pay to the three victims of his crimes:

15. The parties agree that the amount of restitution which the defendant could be ordered to pay to Monthco, TIFCO, and Casualty Insurance Company, if able, is $1,466,000. The defendant understands

that Title 18, United States Code, Sections 3663 and 3664 set forth the factors to be weighed in setting restitution in this case. The defendant agrees to provide truthful information to the Court and United States Probation Officer regarding all details of his economic circumstances in order to determine the proper restitution which the defendant may be ordered to pay. Defendant understands that providing false or incomplete information may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

Several months after his sentencing Ahern submitted a pro se set of papers seeking a reduction of his sentence—both the custodial and restitutive components—that was timely filed under the version of Rule 35 that applied to pre-Guidelines sentences. In part that motion backed away from his already-quoted express agreement as to the permissible restitution requirement by stating cryptically (Mem. 10):

While defendant agreed that the potential restitution could be the $1,466,000 assessed by the plea agreement he did not agree that was the figure.

After Ahern's self-prepared motion was supplemented by a filing by new out-of-state counsel acting on Ahern's behalf, on March 30, 1993 this Court did reduce the custodial part of Ahern's sentence from 36 months to 27 months, but it left the rest of his original sentence (including the restitution obligation) intact.

Next Ahern filed a self-prepared 28 U.S.C. § 2255 ("Section 2255") motion to vacate his once-reduced sentence. This Court dismissed that motion summarily for the reasons stated in its September 7, 1993 memorandum opinion and order (836 F.Supp. 492). Ahern promptly moved for reconsideration, and this Court just as promptly denied that motion on September 23, 1993 (836 F.Supp. 501). Yet on October 15, 1993 Ahern filed a memorandum and a set of bulky exhibits (the

---

1. In addition to the 14 single-spaced pages providing full information as to all aspects of Ahern's background, the PSI included copies of (1) the government's version of Ahern's offenses and (2) the detailed plea agreement that had

been entered into between Ahern and his counsel on the one hand and the United States Attorney and Assistant United States Attorney (acting for the government) on the other hand.

total submission was about one and one-half inches thick) in support of his motion to reconsider—obviously reflecting that he had not received the denial of that motion. But at that point the case was already at an end, and this Court therefore issued the attached October 22, 1993 memorandum opinion and order.

Nothing daunted, Ahern—this time acting through the same out-of-state lawyer who had supplemented his Rule 35 motion—filed still another motion (captioned Motion To Vacate, Set Aside or Correct Restitution Sentence) nearly three months later (the Motion was dated January 17, 1994). That motion bore the same case number as the Section 2255 action that had already become final and non-appealable after this Court's September 7, 1993 dismissal and its September 23 denial of the motion for reconsideration. Whether because the new filing was submitted in an already-closed case or for some other reason, the motion was misplaced in the filing process and it took some follow-up efforts to locate it. After some further delays the government filed its response on September 28, 1994, and this Court has found that response wholly persuasive.

█ Most fundamentally, the most recent motion (unlike Ahern's original pro se Section 2255 motion, which at least advanced some claimed—albeit wholly meritless—constitutional deprivations) does not fit at all under Section 2255 in the current circumstances. Here is how Ahern's counsel captions the Argument section of his Memorandum at 3:

> THIS COURT, THROUGH NO FAULT OF ITS OWN, DETERMINED RESTITUTION WITHOUT THE NECESSARY AND CORRECT INFORMATION TO MAKE SUCH A DECISION.

That is mirrored in the Argument itself (Mem. at 3–4, 6):

> This Court, when making its restitution determination in this case, was presented with incorrect and inadequate information to determine properly the appropriate amount of restitution. Movant now seeks collateral relief based on this wrongfully-based sentence.

> \*  \*  \*  \*  \*  \*

> This Court's perception of the damages resulting from Movant's criminal activities surely was a factor in Movant's sentence. This Court, however, was not provided with the correct and pertinent information regarding actual damages necessary to make an informed restitution determination.

And precisely the same note is sounded in the Memorandum's Conclusion at 8–9, 9–10:

> Again, Movant does not dispute the crimes to which he has pled guilty. Rather, Movant disputes that the actual losses and commensurate restitution that resulted from Movant's crimes did not support the amount of restitution that was actually ordered. Further, this Court was not provided with Movant's correct financial status. Therefore, the reasons for this incorrect order, again, were not the fault of this Court or of Movant, but rather were due to the inadequate information provided to this Court to make the restitution determination. This Court, when determining the amount of restitution pursuant to the charges pled, simply did not have the true facts to consider in the restitution decision.

> \*  \*  \*  \*  \*  \*

> [T]his Court, through no fault of its own and no fault of Movant, decided a restitution award without all of the pertinent information. Consequently, Movant asks this Court simply to reconsider the restitution issue knowing the Movant's correct financial and factual circumstances.

> \*  \*  \*  \*  \*  \*

> Movant's claim here is that the presentence report was based on and contained incorrect and insufficient information regarding Movant's financial status and the link between Movant's crimes and the actual damages. As a result, this Court was unable to give the necessary attention required by the law for this restitution determination. This was not this Court's fault, but rather was the result of inadequacies in the process of composing Movant's presentence report.

■ None of that is proper grist for a Section 2255 mill, as to which *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir.1994) has repeated the uniform teaching of the case law:

> Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a "fundamental defect which inherently results in a complete miscarriage of justice." *Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992). In *Frady,* moreover, the Supreme Court held that the procedural default rules that apply in habeas cases following *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), apply equally in § 2255 cases. Under that standard, an argument that was not presented on direct appeal cannot first be advanced on collateral review "absent a showing of cause" for the failure to advance the argument sooner "and some showing of actual prejudice resulting from the alleged constitutional violation." *Id.* at 84, 97 S.Ct. at 2505. *See also Belford,* 975 F.2d at 313 (applying the cause and prejudice standard to § 2255 and collecting cases).

As *Basile v. United States,* 999 F.2d 274, 276–77 (7th Cir.1993) has said in the like context of an attempted Section 2255 challenge to an alleged error in sentencing:

> It is clear from this language that a mere "technical" violation of Rule 32 cannot be corrected in a proceeding under § 2255. The Supreme Court so held in *Hill v. United States,* 368 U.S. 424, 427, 82 S.Ct. 468, 470–71, 7 L.Ed.2d 417 (1962). The mere violation of a Federal Rule of Criminal Procedure is not, in the language of § 2255 itself, a jurisdictional or a constitutional error. Nor does such a violation rise to the level of a "fundamental defect" that results in a "complete miscarriage of justice" or "an omission" that is "inconsistent with the rudimentary demands of fair procedure." *Id.* at 428, 82 S.Ct. at 471; *cf. Scott v. United States,* 997 F.2d 340, at 342

(7th Cir.1993) (misapplication of Sentencing Guidelines did not rise to level of "complete miscarriage of justice"). Basile can seek relief via § 2255 for the alleged violation of Rule 32(c)(3)(D) only to the extent that he claims that the violation deprived him of due process of law. *See Johnson v. United States,* 805 F.2d 1284, 1287–88 (7th Cir.1986). In other words, if what Basile is complaining about is a violation of a Federal Rule of Criminal Procedure and not a violation of the Due Process Clause of the Fifth Amendment, he has not raised a ground for relief under § 2255.

At the time of sentencing this Court complied meticulously with the requirements of Rule 32, and Ahern does not claim otherwise. This Court expressly afforded Ahern and his then lawyer the opportunity to correct any claimed inaccuracies in the PSI, but neither of them said a word about what Ahern's present lawyer calls "incorrect and insufficient information." Hence no arguable violation of due process was involved. As for any potential claim of a "fundamental defect which inherently results in a complete miscarriage of justice," by definition the purported misinformation had to be known to Ahern [2] or to his counsel or both—and thus the total failure to raise the claimed error prior to or at the sentencing hearing waived the objection (*United States v. Blythe,* 944 F.2d 356, 361 (7th Cir.1991)).

■ From the other familiar perspective that applies to Section 2255 proceedings, Ahern and his present counsel clearly have not made the twofold required demonstration of (1) good cause for failure to raise the current issue on direct appeal and (2) actual prejudice resulting from the alleged error (*Kelly,* 29 F.3d at 1112). Only one other possibility appears to remain: Although the current motion never says just who was responsible for the assertedly incorrect and inadequate financial information in the PSI (Ahern expressly says in several places that no part of the fault lay with this Court, and

---

**2.** This Court is frankly at a loss to see how the current motion can assert that the reason "this Court was not provided with Movant's correct financial status" would not be attributable to "the fault of … Movant." Nonetheless the next paragraph of the text deals with the only other possibilities that cryptic disclaimer would seem to leave open: the Probation Officer and Ahern's original counsel.

at Mem. 9 he disclaims any fault on his own part—but see n. 2), that appears to leave the potential responsibility in only one of two places—the Probation Officer and Ahern's then lawyer. If the first of those is meant, the waiver teaching of *Blythe* and numerous other cases bars the current claim entirely, let alone making it unavailable under the more restrictive rubric of Section 2255. And if the latter is meant, then what is involved now is plainly an abuse of the writ—a successive Section 2255 motion asserting constitutionally deficient lawyering and seeking the same relief on that ground that this Court has previously denied (*McCleskey v. Zant*, 499 U.S. 467, 489–96, 111 S.Ct. 1454, 1467–71, 113 L.Ed.2d 517 (1991)).

### Conclusion

■ This Court has reviewed thoroughly not only the current Section 2255 motion but also all prior proceedings in this case. Because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts), the motion is dismissed summarily.[3]

### MEMORANDUM OPINION AND ORDER

On this Court's return to chambers following a short vacation, it found among the accumulated filings in the cases on its calendar a 1-½-inch –thick set of documents from Andre Ahern ("Ahern"), comprising a 31-page Memorandum in Support of Movant's Section 2255 Motion plus 24 exhibits of varying degrees of bulk. Ahern says in the *INTRODUCTION* section with which he begins that Memorandum:

> Andre W. Ahern, hereinafter referred to as "movant," submitted the instant Section

2255 Motion to this Court, on, or about, September 1, 1993, seeking to vacate the restitution order of March 23, 1992. On, or about, September 7, 1993, this Court, *sua sponte*, summarily dismissed movant's Motion to Vacate, Set Aside or Correct his sentence. On, or about, September 17, 1993, movant submitted a motion for reconsideration of this Court's summary dismissal, however, to date movant has not received any response.

That last sentence is puzzling, for this Court in fact acted promptly in response to Ahern's motion for reconsideration (which was received in the Clerk's Office of this District Court on September 20)—on September 23, 1993 it issued a memorandum opinion and order denying that motion.

It is of course the Clerk's Office and not this Court's in-chambers personnel that handles the transmittal of judicial opinions and orders to the litigants, so this Court has no way of knowing whether Ahern did or did not receive a copy of the September 23 memorandum opinion and order or, if not, why not. As a matter of courtesy, this Court's minute clerk is mailing a copy of this opinion as well as a copy of the September 23 memorandum opinion and order directly to Ahern. But in all events this matter has been at an end since this Court ruled on the motion for reconsideration a month ago.

---

**3.** Although Section 2255 is plainly not implicated by the issue, a word should be said about the point made at Mem. 4–5 that suggests error in this Court's failure to make findings as to Ahern's ability to pay in the course of ordering restitution. This Court has earlier adverted to Seventh Circuit law (1) holding that full restitution is the norm, so that no explicit findings are required when it is ordered (*United States v. Ahmad*, 2 F.3d 245, 246–47 (7th Cir.1993); accord, such cases as *United States v. Lesperance*, 25 F.3d 553, 558 (7th Cir.1994)) and (2) imposing "the burden ... upon the defendant to demonstrate that because of his particular circumstances, full restitution is unwarranted" (*Lesperance, id.*, quoting *United States v. Arvanitis*, 902 F.2d 489, 496 (7th Cir.1990)).