66 F.3d 328
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jesse EARLS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3742.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 22, 1995.*
Decided Sept. 6, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Jesse Earls, a federal prisoner, appeals the dismissal with prejudice of his motion for relief pursuant to 28 U.S.C. Sec. 2255. Earls, who was sentenced consecutively to six months for possession with intent to distribute marijuana, 21 U.S.C. Sec. 841(a)(1), and sixty months for use of a firearm during the commission of a drug offense, 18 U.S.C. Sec. 924(c)(1), seeks to have his guilty plea vacated with respect to the firearm charge. He contends that the government failed to provide an adequate factual basis to support it, and therefore his plea was not voluntary and intelligent. The district court held that Earls had procedurally defaulted by failing to appeal from his conviction and that the record contained a sufficient factual basis. We affirm.
 
 
 2
 At Earls' change of plea hearing on January 30, 1992, Officer Paul G. Arkins, a police officer from Indianapolis, Indiana on special assignment with the Bureau of Alcohol, Tobacco and Firearms, provided a summary of events related to him by Special Agent Emmet C. Carney, who was on leave. According to Officer Arkins, on November 25, 1991, a reliable source told Detective Dennis Kraezig, a police detective employed by the Indianapolis Police Department, that within the prior seventy-two hours, Earls had shown the informant marijuana both at Earls' home at 814 North Gladstone, Indianapolis, Indiana and at a garage located behind 914-16 South St. Peter Street in the same city. Relying on the informant's tip, search warrants for both premises were obtained and executed on November 25. A search of Earls' home produced items that are commonly used in drug activity: scales, rolling papers, baggies, a semi-automatic rifle with a silencer, two shotguns, three handguns and a belt containing bullets. A search of the garage produced 117.9 grams of marijuana and a .22 caliber Glenfield rifle.
 
 
 3
 Earls was charged with using or carrying the .22 caliber Glenfield rifle, during and in relation to possessing with intent to distribute approximately four ounces of marijuana. Earls initially pleaded not guilty, but then reconsidered. At the change of plea hearing, the court informed the defendant of the elements of the offense for Sec. 924(c)(1) by stating that the government must prove that he committed a drug-trafficking offense and that he used or carried a firearm during and in relation to that crime. Although this formulation of the elements emphasizes the relationship to the drug-trafficking offense more than other formulations, e.g. United States v. Taylor, 31 F.3d 459, 464 (7th Cir.1994) (requiring government to prove (1) use or carrying of weapon and (2) that such use was during and in relation to crime of violence or drug-trafficking offense), it included the necessary information. Earls agreed that during and in relation to the commission of the offense he had used or carried a firearm.
 
 
 4
 Relief from a guilty plea is available under Sec. 2255 when the alleged error is either jurisdictional or constitutional or is an error of law that "resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' " United States v. Timmreck, 441 U.S. 780, 783-84 (1979). A factual basis is not constitutionally required, except to the extent that it affects the voluntariness of the guilty plea. If it is impossible to infer guilt from the facts adduced during the hearing, a court is apt to find the plea involuntary. Higgason v. Clark, 984 F.2d 203, 208 (7th Cir.), cert. denied, 113 S.Ct. 2974 (1993). However, to the extent that Earls claims a mere technical error of Federal Rule of Criminal Procedure 11 that does not implicate the voluntariness of the guilty plea, we cannot say that such a technical error has caused a complete miscarriage of justice or created a fundamentally unfair proceeding. Cf. also Basile v. United States, 999 F.2d 274, 276 (7th Cir.1993) (holding that technical violation of Federal Rule of Criminal Procedure 32, which did not implicate due process concerns, did not constitute "fundamental defect."). Therefore, relief pursuant to Sec. 2255 is available to Earls only to the extent that the insufficiency of the factual basis involves an error of constitutional dimension.
 
 
 5
 The district court dismissed Earls' Sec. 2255 motion on the grounds that he had procedurally defaulted and that he failed to show that the factual basis of his plea was so insufficient that it raised questions about the voluntariness of his plea. The district court correctly found that Earls' failure to appeal directly from his guilty plea constituted a procedural default. Precin v. United States, 23 F.3d 1215, 1217 (7th Cir.1994). However, we need not address the issues of cause and prejudice and of a potential fundamental miscarriage of justice, for even if this court disregarded the procedural bar, Earls' attack on the sufficiency of the factual basis fails.
 
 
 6
 It is not impossible to infer guilt from the factual basis in this case. Higgason, 984 F.2d at 208. A search of the garage produced both the rifle and the marijuana. A search of his home also similarly produced evidence of tools of the drug trade and an array of weaponry. Furthermore, Earls' sworn voluntary responses, which carry a strong presumption of veracity, may also be taken into account. United States v. LeDonne, 21 F.3d 1418, 1428 (7th Cir.), cert. denied, 115 S.Ct. 584 (1994); see id. at 1424 (factual basis is usually supplied by defendant's admissions). A reasonable jury could infer from Earls' own admission of use that he had not accidentally been in the presence of the weapon, but that he had knowingly possessed or used the rifle. See United States v. Chairez, 33 F.3d 823, 825 (7th Cir.1994). It is also not impossible for a reasonable jury to infer from Earls' statement and the facts offered by the government that the Glenfield rifle had been used in relation to the commission of the drug offense. See United States v. James, 40 F.3d 850, 860 (7th Cir.1994) (holding that loaded pistol found in defendant's bedroom with tools of drug trade sufficed to show use of weapon), cert. denied, 115 S.Ct. 948 (1995), and cert. denied, 115 S.Ct. 1160 (1995), and pet'n for cert. filed (Apr. 5, 1995); United States v. Perez, 28 F.3d 673, 676 (7th Cir.1994) (finding weapons and drugs in defendant's home was "overwhelming" evidence that defendant had used weapon in course of drug offense). But cf. Taylor, 31 F.3d at 464 (holding that mere proximity to drugs of unloaded and disassembled .22 caliber rifle, which is unlikely choice of weapon for defense, was not sufficient evidence to sustain conviction pursuant to Sec. 924(c)(1)). While we may disagree with the district court's assessment of this evidence as "ample," the factual basis was not so scanty as to raise questions as to the voluntariness of Earls' plea.
 
 
 7
 On a final note, more than three weeks after entering his guilty plea, Earls denied at sentencing that he had used a gun. At the sentencing hearing on November 18, 1992, Earls' attorney stated that "I think his background and his lifestyle may indicate more of a reason for [his capacity to acquire weaponry] than just the potential for criminal conduct ..." (Tr. II at 4-5.) Earls himself stated that "[m]y records show that I have been in trouble over guns, and I have been a lover of guns all my life, but I have never used one in a crime." (Id. at 5.) Earls' subsequent contradictory statement, which was not accompanied by any motion to withdraw his plea, does not require his prior decision to plead guilty to be found involuntary.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record