92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andre W. AHERN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1203.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 19, 1996.*
Decided July 22, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Andre W. Ahern, pro se, seeks relief from an order of restitution in the amount of $1.466 million, imposed as part of his sentence for mail fraud. 28 U.S.C. § 2255. Ahern argues that the sentencing court lacked an appropriate factual basis accurately to determine the proper amount of restitution; that his counsel was ineffective for not making these facts clear to the sentencing court; and that the original restitution order was improper because the district court never made factual findings that Ahern had the means to make restitution in the amount ordered. The district court ruled that to the extent the petition presented a constitutional issue at all, it must be dismissed as successive.[1] 863 F.Supp. 807 (N.D.Ill.1994). We affirm.
 
 
 2
 Ahern pleaded guilty to mail fraud. The plea agreement stipulated that the losses from his fraudulent activities could amount to $1.466 million. At sentencing Ahern, who was represented by counsel, raised several factual objections to the Probation Department's Presentence Investigative Report ("PSR"). The PSR was changed accordingly. The district court sentenced Ahern to thirty-six months in jail, and ordered restitution of the entire $1.466 million. Ahern, represented by different counsel, then sought to reduce his sentence. The district court reduced the custodial portion of the sentence to twenty-seven months, but left the restitutive portion intact. Ahern next filed a pro se motion under 28 U.S.C. § 2255, seeking to vacate his sentence on the ground that his original counsel was ineffective. The district court denied the motion, as well as a motion for reconsideration. 836 F.Supp. 492 (N.D.Ill.1993); Nos. 93 C 5400/91 CR 948, (N.D.Ill. Sept. 23, 1993). The instant petition followed.
 
 
 3
 To the extent that Ahern seeks to present factual issues pertaining to the accuracy of his original sentence, his petition is beyond the scope of federal collateral review.[2] Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994); see also United States v. Tucker, 404 U.S. 442, 447 (1972). The record makes clear that Ahern received all the process due to him. Basile v. United States, 999 F.2d 274, 277 (7th Cir.1993); 28 U.S.C. § 2255, Rule 4(b). And to the extent that he seeks to claim ineffective assistance of counsel, the district court correctly ruled that Ahern is not entitled to assert once again a claim already raised and decided on the merits in a previous, unsuccessful petition for federal collateral review. 28 U.S.C. § 2244(a); Dellenbach v. Hanks, 76 F.3d 820, 822-23 (7th Cir.1996).
 
 
 4
 Finally, even if it were cognizable on collateral review, Ahern has waived the argument that his sentence is disproportionately harsh in comparison to that of another defendant sentenced for the same fraudulent actions by not raising it in the district court. Citizens Ins. Co. of America v. Barton, 39 F.3d 826, 828 (7th Cir.1994).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioner-Appellant Ahern filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 On April 24, 1996, during the pendency of this appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996." (Pub.L. 104-132, 110 Stat. 1214.) Title I of this Act significantly curtails the scope of federal collateral review. We need not decide in this case to what extent the amendments in the Act apply to petitions pending when the Act was signed into law, because even under the more expansive scope of review permitted prior to the Act, the Appellant in this case would not have been entitled to relief
 
 
 [2]
 As noted above, Ahern stipulated in his plea agreement that the losses from his fraudulent activities could amount to $1.466 million. "[P]lea agreements are contracts, albeit unique contracts in which special due process concerns for fairness and the adequacy of procedural safeguards obtain," United States v. Sandles, 80 F.3d 1145, 1147 (7th Cir.1996) (internal quotation omitted), and stipulations in a plea agreement bind the parties to the agreement. Id. And the fact that a defendant at the time of sentencing may not have the means to make restitution need not preclude a court from ordering restitution in full, as long as there is some likelihood that he will acquire such means in the future. United States v. Ross, 77 F.3d 1525, 1552 (7th Cir.1996). In the case at bar, the district court explicitly found that Ahern's work history made it likely that he could acquire the means to make restitution after his release from jail