61 F.3d 905
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert J. HALEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 94-2470, 94-2471.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided July 6, 1995.
Rehearing and Suggestion for
Rehearing En Banc Denied Aug. 2, 1995.
 
 Before CUMMINGS, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Robert J. Haley pled guilty to conspiracy to manufacture in excess of 1,000 marijuana plants, in violation of 21 U.S.C. Secs. 841 and 846. He received a sentence of 151 months of imprisonment and 5 years of supervised release, to run consecutively to a previously imposed state sentence for possession of heroin. Haley filed a petition to vacate his sentence under 28 U.S.C. Sec. 2255, arguing that (1) the trial court incorrectly computed his relevant conduct, (2) he received ineffective assistance of counsel at sentencing and on appeal, and (3) his federal and state sentences should run concurrently rather than consecutively. The district court dismissed Haley's petition.
 
 I. Relevant Conduct
 
 2
 The trial court found that Haley was responsible for 6,379 marijuana plants. Haley argues that 4,427 plants seized from the residence of one of his co-conspirators, Jimmy Dean Webb, should not have been included in his relevant conduct under U.S.S.G. Sec. 1B1.3. This claim, however, is not appropriately raised in a Sec. 2255 petition. Except in extraordinary cases, guidelines calculations (including determinations of relevant conduct) are not reviewable on collateral attack. Soto v. United States, 37 F.3d 252, 254 (7th Cir. 1994); Scott v. United States, 997 F.2d 340, 343 (7th Cir. 1993). This is not a case where a "complete miscarriage of justice" may result if we do not review Haley's claim that the sentencing court miscalculated his relevant conduct. See Scott, 997 F.2d at 342. Thus, we may not disturb the trial court's finding that Haley was responsible for all 6,379 plants.
 
 
 3
 In addition, Haley argues that the sentencing court failed to make specific factual findings stating the reasons that he was found responsible for the 6,379 plants. See Fed. R. Crim. P. 32(c)(1). Like erroneous guidelines calculations, the failure to state reasons is not a constitutional, jurisdictional, or fundamental error cognizable under Sec. 2255. See Kelly v. United States, 29 F.3d 1107, 1114 (7th Cir. 1994); cf. United States v. Timmreck, 441 U.S. 780, 784-85 (1979) (failure to comply with formal requirements of Rule 11 does not constitute constitutional or jurisdictional error cognizable under Sec. 2255); Scott, 997 F.2d at 341-42 (violations of the Federal Rules of Criminal Procedure may only be redressed under Sec. 2255 in exceptional circumstances). Thus, Haley may not raise this claim in his Sec. 2255 petition.
 
 II. Ineffective Assistance of Counsel
 
 4
 Haley also alleges that his attorney provided ineffective assistance by not appealing the trial court's relevant conduct determination and not challenging its failure to state reasons. Haley did not argue ineffective assistance on direct appeal. However, a defendant may raise an ineffective assistance claim for the first time in his Sec. 2255 motion if he demonstrates cause for not raising the claim on direct appeal. Guinan v. United States, 6 F.3d 468, 471 (7th Cir. 1993); United States v. Taglia, 922 F.2d 413, 417-18 (7th Cir. 1991), cert. denied, 500 U.S. 927 (1991). Here, Haley's trial counsel also acted as his appellate counsel, which excuses his failure to raise ineffective assistance on direct appeal. Guinan, 6 F.3d at 471. To prevail on his ineffective assistance claim, Haley must demonstrate that (1) "his attorney's performance fell below an objective level of reasonableness," and, as a result, (2) the proceedings against him were "rendered fundamentally unfair or unreliable." Mason v. Godinez, 47 F.3d 852, 855 (7th Cir. 1995), cert. petition filed (June 1, 1995) (U.S. No. 94-9540); see also Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064 (1984).
 
 
 5
 First, Haley argues that his attorney provided ineffective assistance by not appealing the district court's relevant conduct determination. An appellate counsel is ineffective if he "fails to raise issues that are (1) obvious, and (2) clearly stronger than the ones raised." Kelly, 29 F.3d at 1112. The contentions at the sentencing hearing largely concerned how many plants should be attributed to Haley, so the relevant conduct issue seems obvious. An appeal on the issue, however would not have stood much chance of succeeding. A member of a conspiracy is responsible for any drugs attributable to himself or his co-conspirators "that were reasonably foreseeable to him." United States v. Zarnes, 33 F.3d 1454, 1474 (7th Cir. 1994), cert. denied, 115 S. Ct. 2286 (1995); see also United States v. Wesson, 33 F.3d 788, 797-98 (7th Cir. 1994), cert. denied, 115 S. Ct. 773 (1995); U.S.S.G. Sec. 1B1.3(a)(1)(B). "Reasonable foreseeability refers to the scope of the agreement, ... not merely to the drugs he [the defendant] may have known about." United States v. Flores, 5 F.3d 1070, 1083 (7th Cir. 1993), cert. denied, 114 S. Ct. 884 (7th Cir. 1994).
 
 
 6
 The evidence presented at sentencing supports the trial court's conclusion that the 4,427 plants (confiscated from Webb) in question were reasonably foreseeable to Haley. On direct examination, Haley stated that he knew about the plants. I Tr. at 21. On cross examination, he stated further that he provided Webb with over a thousand marijuana seeds. Id. at 34. Webb testified that the seeds were used to grow many of the plants in question. Id. at 79. Haley also admitted that he, Webb, and the other co-conspirators routinely shared plants and proceeds with each other, see I Tr. at 37, which Webb confirmed. See id. at 82-83. However, Haley denied that he shared in the production of these 4,427 plants, claiming that they were part of a separate conspiracy that involved Webb but not him. The district court rejected Haley's arguments, finding that only one conspiracy existed. II Tr. at 38-39. Thus, the court attributed the 4,427 plants in question to Haley. Id.
 
 
 7
 The failure of Haley's attorney to contest this finding on appeal did not constitute ineffective assistance. The sentencing court determines the amount of the drugs under a preponderance of evidence standard, and its findings are reviewed for clear error. United States v. Rosa, 946 F.2d 505, 508-09 (7th Cir. 1991). Nothing in the record leads us to believe that the court's determination is against the weight of the evidence, much less clearly erroneous. Consequently, we cannot say that the relevant conduct issue is "clearly stronger," see Kelly, 29 F.3d at 1112, than the issues actually raised on appeal.[1]
 
 
 8
 Next, Haley contends that his counsel provided ineffective assistance because he did not challenge the district court's failure to make specific factual findings concerning why he was responsible for the 4,427 plants. The district court must make specific findings on every issue contested at sentencing unless it certifies that no finding is necessary. Fed. R. Crim. P. 32(c)(1). When a defendant contests the amount of drugs that was reasonably foreseeable to him, the sentencing court "should state reasons why each individual defendant was aware of or reasonably foresaw the particular amount of drugs for which he will be held accountable, with reference to supportive evidence." United States v. Goines, 988 F.2d 750, 775 (7th Cir. 1993), cert. denied, 114 S. Ct. 241 (1993); see also United States v. Phillips, 37 F.3d 1210, 1213 (7th Cir. 1994). The record does not reflect that the district court stated its findings in a separate sentencing memorandum, which we have endorsed as preferable if not required. See United States v. Billops, 43 F.3d 281, 289 (7th Cir. 1994), cert. denied, 115 S. Ct. 1389 (1995). At sentencing, however, the district court carefully explained why it found Haley responsible for the 4,427 plants as well as how it arrived at the total of 6,379 plants. See II Tr. at 38-41. His attorney's decision not to object to the explanation given was reasonable. Thus, Haley was not deprived of the effective assistance of counsel.
 
 III. Consecutive Sentences
 
 9
 Prior to his sentencing in this case, Haley was sentenced to three years of imprisonment for possession of heroin by an Illinois state court. The state court stated that the three-year term would run concurrently to any subsequently imposed federal term. The federal court imposed consecutive sentences despite the state court's contrary command. The federal court acted within its power in imposing consecutive sentences: a federal court may impose consecutive sentences despite an earlier state court ruling that any subsequently imposed federal sentence would run concurrently. Meagher v. Clark, 943 F.2d 1277, 1282 (11th Cir. 1991); Pinaud v. James, 851 F.2d 27, 30 (2d Cir. 1988); Saulsbury v. United States, 591 F.2d 1028, 1035 (5th Cir. 1979), cert. denied, 444 U.S. 857 (1979).[2]
 
 
 10
 Haley does not challenge the authority of the federal courts to make the federal sentence consecutive. Rather, he argues that his state court conviction is invalid because his decision to plead guilty to state charges was induced by a promise of concurrent sentences. This claim, if supported by the facts, may be meritorious: "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971); see also United States v. Neely, 38 F.3d 458, 459 (9th Cir. 1994) (if federal court lacks authority to impose sentence concurrent with state sentence, defendant must be informed). A motion to set aside the state sentence on these grounds under 28 U.S.C. Sec. 2254 would be properly considered by the district court. Before seeking relief under Sec. 2254, however, Haley must exhaust his state court remedies. 28 U.S.C. Sec. 2254(b) - (c). Haley has not shown that he has exhausted his state remedies. Moreover, Haley is attacking his state court judgment in the same petition where he seeks to contest his federal sentence. This is not appropriate. If Haley, who is in federal custody at present, wishes to attack his state sentence, he must file a Sec. 2254 petition naming "the attorney general of the state in which the judgment he seeks to attack was entered" as the respondent. Rules Governing Sec. 2254 Cases, 2(b). This is necessary to notify the state that Haley is attacking his sentence and to give it the opportunity to respond.
 
 
 11
 The district court addressed Haley's claim that his state sentence is invalid and dismissed it on the merits.[3] This was not appropriate. Rather, the court should have dismissed the claim without prejudice, allowing him the opportunity replead it properly under Sec. 2254.[4] Thus, pursuant to our authority under 28 U.S.C. Sec. 2106, the district court's judgment is modified to read as follows: Haley's motion to set aside his federal sentence under Sec. 2255 is DENIED. His claim that his state sentence is invalid is DISMISSED without prejudice.
 
 
 12
 AFFIRMED AS MODIFIED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 On direct appeal, Haley's counsel challenged the district court's determination of his criminal history score, the imposition of consecutive rather than concurrent sentences, and the constitutionality of U.S.S.G. Sec. 2D1.1. See United States v. Haley, Nos. 91-2887 & 91-2903 (7th Cir. April 16, 1992) (unpublished order)
 
 
 [2]
 However, the federal court must impose a concurrent sentence if the federal government became involved in the state plea bargaining process and induced a guilty plea by promising concurrent sentences. See Meagher, 943 F.2d at 1281; Pinaud, 851 F.2d at 31; Saulsbury, 591 F.2d at 1035
 
 
 [3]
 The district court held that Haley's guilty plea precludes a collateral attack on his conviction because the plea is an admission that he committed the elements of the crime. See Bateman v. United States, 875 F.2d 1304, 1309 (7th Cir. 1989). The fact that Haley pled guilty does not, however, preclude him from arguing that his plea was involuntary under Santobello because it was induced by an unfulfilled promise
 
 
 [4]
 In addition, the last sentence of the district court order states that Haley's entire petition is dismissed for lack of jurisdiction. Haley raises a number of substantive claims, including ineffective assistance of counsel, over which the district court had jurisdiction and in fact addressed on the merits. We assume that the district court intended to deny Haley's petition rather than dismiss it for lack of jurisdiction