97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Milton SIMS, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1125.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 3, 1996.*
Decided Sept. 9, 1996.
 
 Before POSNER, Chief Judge, and BAUER and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In June of 1990, Milton Sims, Jr. and several co-defendants were indicted in an eight-count superseding indictment. Sims was charged with various drug and gun violations. On August 29, 1990, a jury convicted Sims of one count of conspiracy to distribute cocaine (Count I), two counts of possession with intent to distribute cocaine (Counts III and VIII), and one count of use of a firearm in connection with a drug trafficking offense (Count VII). Sims was sentenced to three concurrent twenty-five year terms of imprisonment on Counts I, III, and VIII, to be served consecutively to a five-year term of imprisonment on Count VII. Sims appealed his conviction. In an unpublished decision, we reversed his conviction on Count VII, reducing his aggregate sentence by five years. United States v. Taylor, 21 F.3d 431, (7th Cir. March 31, 1994) (unpublished order). Otherwise, his conviction was affirmed. Thereafter, Sims filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The petition was denied by the district court without an evidentiary hearing. This appeal follows.[1]
 
 
 2
 On appeal, Sims raises the following claims: (1) trial counsel's representation at sentencing was ineffective; (2) appellate counsel was ineffective; (3) the district court failed to comply with Federal Rule of Criminal Procedure 32(c)(3)(A) and 32(c)(1);[2] (4) the district court applied the incorrect base offense level; (5) the district court erred in enhancing Sims' offense level pursuant to U.S.S.G. § 3B1.1(a); and (6) Sims' sentence constituted a violation of his right to be free from double jeopardy.
 
 
 3
 In reviewing the denial of a § 2255 petition, we will review all questions of law de novo and all factual determinations for clear error. Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994). The denial of a § 2255 petition without an evidentiary hearing is proper where "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief...." 28 U.S.C. § 2255. "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a 'fundamental defect which inherently results in a complete miscarriage of justice.' " Kelly v. United States, 29 F.3d 1107, 1112 (7th Cir.1994).
 
 
 4
 Sims is not entitled to collateral review regarding several of his claims. Specifically, Sims' claims based on alleged violations of Rule 32 and his challenge to the district court's calculation of his sentence under the guidelines are not cognizable in a § 2255 proceeding. We will first proceed with Sims' Rule 32 claims. Sims argues that the district court's failure to ask defense counsel if he had read the presentence investigation report ("PSR") and discussed the report with Sims, and its failure to ask Sims whether he had reviewed the report or had any objections to the report, as required by Federal Rule of Criminal Procedure 32(c)(3)(A), is reversible error. Sims also requests collateral relief for the district court's failure to specifically address many of trial counsel's objections to the PSR, as required by Federal Rule of Criminal Procedure 32(c)(1). "[A] mere technical violation of Rule 32 cannot be corrected in a proceeding under § 2255." Basile v. United States, 999 F.2d 274, 276 (7th Cir.1993). Sims does not argue that these alleged Rule 32 violations had any impact on his constitutional rights--e.g., that he was deprived of due process--or that they resulted in a "miscarriage of justice."[3] Accordingly, Sims' Rule 32 claims are not cognizable on collateral review.
 
 
 5
 Additionally, Sims presents two challenges to the district court's calculation of his sentence. First, Sims contends that the district court's determination of his base offense level was improper. The base offense level for drug trafficking crimes is based on the amount of drugs involved in the offense, U.S.S.G. § 2D1.1(a)(3). In order to ascertain this quantity, the court must determine the defendant's relevant conduct, U.S.S.G. § 1B1.3(a). After finding that Sims' relevant conduct included at least 50 but less than 150 kilograms of cocaine, the district court assigned Sims a base offense level of 36. Sims requests a remand for resentencing regarding his base offense level because (1) the district court failed to specify the reasons for its determination, and (2) his relevant conduct, he claims, included at least 15 but less than 50 kilograms of cocaine, supporting a base offense level of only 34. Sims also challenges the four-level enhancement under U.S.S.G. § 3B1.1(a) for being an "organizer or leader" of the drug distribution scheme, arguing that the district court's failure to identify the five persons that he managed, organized, or supervised constitutes reversible error.
 
 
 6
 As the government correctly points out, only the most extraordinary circumstances justify a collateral attack on the district court's application of the sentencing guidelines. Scott v. United States, 997 F.2d 340, 341-43 (7th Cir.1993). To the extent that Sims objects to the district court's failure to adequately explain its calculation of the drug quantity attributable to Sims and its decision to apply the § 3B1.1(a) enhancement, we see no cognizable § 2255 claim. However, in his brief, Sims does note that the record links only 40 to 45 kilograms of cocaine to him. This might constitute a claim that he was deprived of due process and, therefore, entitle him to collateral review. See United States v. Tucker, 404 U.S. 443, 447 (1972). Nonetheless, as will soon be discussed, the record does support the district court's finding. Hence, such a claim would be without merit.
 
 
 7
 We will now proceed with Sims' more substantive claims--his claims of ineffective assistance of trial and appellate counsel, and double jeopardy.[4]
 
 
 8
 In order to establish ineffective assistance of trial counsel, a defendant must demonstrate that his attorney's performance fell "below an objective standard of reasonableness" that was "outside the wide range of professionally competent assistance," and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688 (1984). Sims maintains that trial counsel was ineffective for suggesting that he was responsible for at least 50 but less than 150 kilograms of cocaine, for failing to argue that he was responsible for less than 50 kilograms of cocaine, and for neglecting to discuss the PSR with Sims prior to sentencing.
 
 
 9
 Citing to various portions of government witness trial testimony, Sims concludes that the record links him to, at most, 45 kilograms of cocaine. However, the facts as set forth by this court in its disposition of Sims' direct appeal, in addition to the portions of the record cited by Sims, makes clear that there was evidence supporting the district court's finding that he was accountable for at least 50 kilograms of cocaine. We see no prejudice resulting from Counsel's failure to argue that Sims was responsible for less than that amount. Considering the evidence submitted at trial and the fact that the government and PSR urged the court to find Sims responsible for at least 150 kilograms of cocaine (a corresponding base offense level of 38), counsel's representation was not unreasonable. Nor does Sims demonstrate how counsel's failure to discuss the PSR with him prior to sentencing worked to his prejudice. Counsel raised objections to over 60 paragraphs in the PSR. Sims does not show what additional challenges to the PSR he might otherwise have made.
 
 
 10
 Sims next claims ineffective assistance of appellate counsel. As with a claim of ineffective assistance of trial counsel, in order to obtain relief for deficient performance by counsel on appeal, a defendant must satisfy the Strickland test. That is, counsel's performance must have been objectively unreasonable and it must have prejudiced the outcome of the proceedings. We have repeatedly emphasized that appellate counsel need not advance every conceivable argument on appeal. Appellate counsel is constitutionally ineffective only if "counsel fails to raise issues that are (1) obvious, and (2) clearly stronger than the ones raised." Kelly, 29 F.3d at 1112.
 
 
 11
 Sims maintains that appellate counsel was ineffective for failing to challenge the district court's calculation of his base offense level, failing to object to the four-level enhancement under U.S.S.G. § 3B1.1, neglecting to order a transcript of the sentencing hearing, and failing to conduct a reasonable investigation regarding the district court's findings at sentencing.
 
 
 12
 "The sentencing court's factual determination is entitled to deference unless it is clearly erroneous." United States v. Wagner, 996 F.2d 906, 913 (7th Cir.1993), cert. denied, 510 U.S. 1056 (1994). Regarding the district court's calculation of his base offense level, Sims objects to the district court's failure to provide detailed findings to adequately explain its determination of the amount of drugs attributable to him. He also argues that the record does not sufficiently support this finding. We have noted the importance of specific findings when calculating drug quantities at sentencing. See, e.g., United States v. Edwards, 945 F.2d 1387, 1399-1400 (7th Cir.1991), cert. denied, 503 U.S. 973 (1992). Indeed, 18 U.S.C. § 3553(c) requires the district court to support its imposition of a particular with an adequate statement of reasons. However, a judge's failure to make more than a generic statement of reasons will not require a remand for resentencing where the evidence in the record supports the district court's finding. See United States v. Baker, 40 F.3d 154, 163 (7th Cir.1994), cert. denied, 115 S.Ct. 1383 (1995).
 
 
 13
 The district court made the following findings regarding Sims' base offense level:
 
 
 14
 [I]t is not necessary for the Court to act as the Bureau of Weights and Measures in these kinds of cases and make an effort to be absolutely precise and accurate in determining the amounts of drugs that defendants are involved with. That is an impossible task. And I think instead what we are to do is to determine a general zone of responsibility. And I think that's fairly easy to do in this case. And I would think that level 36 which allows for up to 150 kilograms of cocaine, a massive amount of drugs, is an area that I find comfortable, consistent with the evidence here, not stretching the evidence at all to get into the next category. And I determine level 36 to be the correct base offense level.
 
 
 15
 (Tr. Sentencing Proceedings at 28-29.)
 
 
 16
 The district court's rather unspecific statement of reasons is similar to the explanation provided when it calculated the applicable base offense level of Sims' co-defendant, John Taylor. Indeed, on Taylor's direct appeal, we ordered a remand for more detailed findings on the issue. In doing so, we stated: "[T]he record does not supply a ready basis to determine the amounts Taylor and other couriers may have carried on each trip, nor is there any other immediately apparent ground on which to conclude either that Taylor himself dealt with fifteen or more kilograms of cocaine or that others did so in a manner that was reasonably foreseeable to him." Taylor, 21 F.3d 431, 1994 WL 112717, ** 14. This is not the case with Sims. As we have already noted, there is direct support in the record for the district court's finding that Sims was responsible for the distribution of at least 50 kilograms of cocaine.
 
 
 17
 Sims also claims that appellate counsel should have appealed the district court's finding that he was an organizer or supervisor of the drug distribution scheme under U.S.S.G. § 3B1.1. The Guidelines provide for a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive...." U.S.S.G. § 3B1.1(a). Sims complains that the district court's failure to specify which five individuals he managed, organized, or supervised constitutes reversible error. We disagree. Where the record adequately supports the district court's determination, the district court's failure to specify the basis for a § 3B1.1(a) enhancement will not constitute grounds for reversal. United States v. Carson, 9 F.3d 576, 585 (7th Cir.1993), cert. denied, 115 S.Ct. 135 (1994). The record clearly supports the court's finding that Sims organized a broad drug distribution network employing numerous (more than five) individuals to transport multi-kilogram quantities of cocaine. Appellate counsel's failure to raise these sentencing claims on appeal did not prejudice Sims. Moreover, because there were no meritorious sentencing issues for appeal, Sims was not prejudiced by appellate counsel's alleged failure to order a transcript of the sentencing hearing and failure to conduct a reasonable investigation regarding the district court's findings at sentencing.
 
 
 18
 Finally, Sims maintains that because of prior civil forfeitures of cash which were predicated on the same drug trafficking offenses charged in the instant indictment, the Double Jeopardy Clause of the Fifth Amendment prohibits his conviction and sentence. We disagree. The Supreme Court has recently held that "civil forfeiture does not constitute punishment for the purposes of the Double Jeopardy Clause." United States v. Ursery, 116 S.Ct. 2135, 2147 (1996). Sims has no double jeopardy claim.[5]
 
 
 19
 For above stated reasons, the district court's denial of Sims' petition is AFFIRMED.
 
 
 
 *
 This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b), and the judges are unanimously of the opinion that a second oral argument would not be helpful
 
 
 [1]
 On April 24, 1996, while this case was pending on appeal, the President signed into law the "Antiterrorism and Effective Death Penalty Act of 1996" (Pub.L. No. 104-132, 110 Stat. 1214). We need not determine to what extent that Act's amendments to federal collateral review govern cases pending when the Act became effective because we determine that even under the more expansive scope of review prior to the Act, Sims is not entitled to § 2255 relief
 
 
 [2]
 In his brief, Sims cites to Federal Rule of Criminal Procedure 32(a)(1)(A) and 32(c)(3)(D). However, since his sentencing, these provisions have been amended and redesignated as Rule 32(c)(3)(A) and Rule 32(c)(1), respectively. These amendments were effective December 1, 1994. Because these changes do not affect the resolution of the instant case, for the purposes of clarity, we will refer to Rules 32(c)(3)(A) and 32(c)(1) in discussing Sims' Rule 32 claims
 
 
 [3]
 In his reply brief, and in conclusory fashion, Sims does assert that the district court's failure to comply with Rule 32 violated his due process rights and acted as a fundamental miscarriage of justice. However, because these claims are absent from his original appellate brief, they have been waived. Parrillo v. Commercial Union Ins. Co., 85 F.3d 1245, 1250 (7th Cir.1996)
 
 
 [4]
 We note that Sims' failure to raise his claims of ineffective assistance of trial counsel and double jeopardy on direct appeal should act as a procedural bar to collateral review absent a showing of cause and prejudice. Kelly v. United States, supra, 29 F.3d at 1112. Regarding his claim of ineffective assistance of trial counsel, if, as is generally the case, this claim required an evidentiary hearing, his failure to raise it on direct appeal would not constitute procedural default. Guinan v. United States, 6 F.3d 468, 471 (7th Cir.1993). Sims, however, does not contend that a hearing on this claim was necessary. In any event, since the government does not argue that either of these two claims have been procedurally defaulted, the merits will be considered. Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991)
 
 
 [5]
 We note that Sims does argue that he was never notified of the forfeiture proceedings, as required by the Due Process Clause of the Fifth Amendment. However, Sims never purports to raise an independent due process claim. His notice argument was raised only in support of his double jeopardy claim