103 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Don B. ANDERSON, Defendant-Appellant.
 No. 94-2236.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1996.*
Decided Nov. 19, 1996.
 
 Before BAUER, FLAUM and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Don Anderson, in a motion to correct an illegal sentence pursuant to Federal Rule of Criminal Procedure 35(a), submitted to the district court a single question: whether he was erroneously sentenced to consecutive rather than concurrent terms of imprisonment. On appeal, by contrast, he has presented a "Statement of Issues" setting forth 171 questions for review.
 
 
 2
 Most of these issues have been waived for failure to present them to the district court, Garlington v. O'Leary, 879 F.2d 277, 282 (7th Cir.1989) ("We have repeatedly held that a party that fails to press an argument before the district court waives the right to present that argument on appeal."), as well as inadequate presentation, United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir.) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)"), cert. denied, 502 U.S. 845 (1991). Questions about subject matter jurisdiction, however, are unwaivable, Kelly v. United States, 29 F.3d 1107, 1113 (7th Cir.1994), so we will address Anderson's three questions challenging the court's jurisdiction to convict him. And, of course, we will evaluate the claim he presented to the district court.
 
 
 3
 In 1983 Anderson was convicted of one count of conspiring and one count of attempting to obstruct, delay, and affect interstate commerce through extortionate means in violation of 18 U.S.C. § 1951 (the Hobbs Act) and 18 U.S.C. § 2. He was sentenced to eighteen years imprisonment for the attempt and another twelve years for the conspiracy, the sentences to be served consecutively. Anderson's Rule 35(a) motion, filed March 7, 1994 (under the version of the rule applicable to Anderson, a motion to correct an illegal sentence may be brought at any time), claimed that the district court exceeded the statutory maximum punishment for his offense by imposing consecutive periods of imprisonment, given that he was charged with and convicted of two offenses under the same statute.
 
 
 4
 In Callanan v. United States, 364 U.S. 587 (1960), the Supreme Court of the United States rejected Anderson's argument. Because conspiracy is a separate offense and consequently may be punished separately from a substantive offense, a court may impose consecutive sentences when a defendant is convicted of violating and conspiring to violate the Hobbs Act, even if the combined sentences exceed the statutory maximum imprisonment. Id. at 597. The fact that Anderson, unlike the defendant in Callanan, was convicted of attempt rather than a completed offense makes no difference, as an attempt is no less a violation of the Hobbs Act and subject to punishment as such. See, e.g., United States v. Harty, 930 F.2d 1257, 1266 (7th Cir.), cert. denied, 502 U.S. 894 (1991). It is apparent that Anderson's thirty-year sentence punished two crimes (attempt and conspiracy), and thus it was not illegal.
 
 
 5
 Anderson also raises three jurisdictional arguments. Relying upon United States v. Lopez, 115 S.Ct. 1624 (1995), Anderson asserts that his conduct (which included kidnapping a doctor and his wife in an attempt to force the doctor into closing an abortion clinic) did not affect interstate commerce such as to support federal jurisdiction over this case. In a related argument, he submits that the federal government has no authority to punish conduct which occurs within the borders of a state. A third jurisdictional argument claims that his indictment was defective.
 
 
 6
 Under Lopez, Congress may regulate "the use of the channels of interstate commerce," "the instrumentalities of interstate commerce, or persons or things in interstate commerce," and "those activities having a substantial relation to interstate commerce." Lopez, 115 S.Ct. at 1629-30. Specifically, the Hobbs Act has been found permissible under Lopez. United States v. Stillo, 57 F.3d 553, 558 n. 2 (7th Cir.), cert. denied, 116 S.Ct. 966 (1995); United States v. Bolton, 68 F.3d 396 (10th Cir.1995), cert. denied, 116 S.Ct. 966 (1996). Unlike the statute invalidated in Lopez, the Hobbs Act explicitly incorporates a jurisdictional element, as it "prohibits extortion which 'in any way or degree affects [interstate] commerce,' " and "the burden on the government to establish this element is slight or de minimis " Stillo, 57 F.3d at 558 & n. 2. This court has recognized that medical services facilities that perform abortions participate in interstate commerce. United States v. Wilson, 73 F.3d 675, 680 (7th Cir.1995), cert. denied, 117 S.Ct. 46-47 (1996). Anderson's actions were designed to force the closure of such a facility, and so they fall within federal jurisdiction (regardless whether they took place within state borders).
 
 
 7
 Finally, Anderson alleges that the indictment against him was defective. The lack of a valid indictment in a felony case is a defect that goes to the jurisdiction of the court. Smith v. United States, 360 U.S. 1, 10 (1959). "An indictment is sufficient if it (1) states all the elements of the offense charged, (2) informs the defendant of the nature of the charge, enabling the defendant to prepare a defense, and (3) enables the defendant to plead the judgment as a bar to later prosecution of the same offense." United States v. Allender, 62 F.3d 909, 914 (7th Cir.1995), cert. denied, 116 S.Ct. 781 (1996). The indictment here met these requirements, and consequently it was not defective.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)