SHEDD, Circuit Judge,
concurring in the judgment.
On remand from our earlier decision, United States v. Jones, 17 Fed.Appx. 240 (4th Cir.2001) (Jones I), Jones argued for the first time that his sentence cannot exceed five years because of the government’s alleged failure to provide timely notice that it would rely upon a prior conviction to increase his sentence. See 21 U.S.C. § 851. The district court fully considered and rejected Jones’ argument that the notification was untimely and sentenced him to ten years’ imprisonment. Because Jones presented the § 851 argument on remand of the initial appeal, the propriety of our consideration of the issue is not primarily a question of waiver (or forfeiture).[1] Rather, the question is more precisely analyzed within the framework of the mandate rule. Jones’ argument that he faces a maximum sentence of five years does not fall outside the parameters of our mandate in Jones I; therefore, the issue is properly before us on this appeal. Jones’ contention that the government failed to comply with § 851, however, is contrary to the plain language of the statute, and the district court correctly determined that the government provided timely notice to him. Accordingly, I would affirm the judgment of the district court.
I.
It is well established that a lower court is “bound to carry the mandate of the upper court into execution and may not consider the questions which the mandate laid at rest.” United States v. Bell, 5 F.3d 64, 66 (4th Cir.1993). This doctrine, known as the mandate rule, “forecloses litigation on remand of issues decided by the district court but foregone on appeal or otherwise waived.” United States v. Aramony, 166 F.3d 655, 662 (4th Cir.1999). If “the mandate of the appellate court instructs or permits reconsideration of sentencing issues on remand,” however, the district court may consider the issues de novo. Bell, 5 F.3d at 67 (emphasis added).
Because the mandate rule does not preclude the de novo consideration of issues at resentencing, an argument presented for the first time on remand is not necessarily waived. The conclusion that a particular argument has been waived is, of course, *851 case-specific and depends upon the mandate of the appellate court. For example, in United States v. Henoud, 81 F.3d 484 (4th Cir.1996), we vacated a restitution order after determining that there were inconsistencies in the record regarding the amount of restitution owed to each victim. On remand, the defendant argued for the first time that a purported victim should not have been considered as such because the victim was not named in the indictment. On the second appeal, the government argued that the defendant had waived the issue by not raising it at the initial sentencing. We noted, however, that because the purpose of the remand was to determine the amount of restitution actually owed, the scope of our remand order reasonably encompassed the arguments advanced by the defendant. Id. at 487 n. 8. Accordingly, we determined that the defendant did not waive the issue and that the mandate rule did not preclude the district court from considering it on remand. Id.
The scope of our remand in Jones 1, therefore, is critical to determining whether the district court properly considered Jones’ § 851 argument at resentencing. In Jones I, we instructed the district court to impose a sentence “that does not exceed the ten-year statutory maximum set out in § 841(b)(1)(D).” 17 Fed.Appx. at 245. While it is arguable that we expected Jones to be sentenced to ten years, we did not specifically rule on this point, and our mandate did not prohibit the district court from imposing a sentence of less than ten years. Jones’ argument that his sentence may not exceed five years, therefore, falls within the terms of the mandate, and the district court properly considered the issue at resentencing.[2]
We are here presented with a question that requires an analysis under the mandate rule, and upon remand, Jones pressed the district court for a sentence that was consistent with the mandate. Given these facts, I do not believe that Jones waived his challenge to the timeliness of the government’s notification in this case. Accordingly, we may consider it on appeal.
II.
Turning to the merits, Section 851 provides, in pertinent part:
No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.
(Emphasis added). This statute provides two reference points to determine the timeliness of the government’s notice: “before trial” and “before entry of a plea of guilty.” Here, the government provided notice to Jones that it would rely upon a prior conviction after jury selection but before the swearing of the jury. Jones contends that “before trial” means before jury selection and that the government, in filing the information after jury selection had begun, did not comply with the notice requirements of § 851.
*852 The threshold question that we must address is whether the words “before trial,” as used in § 851, are ambiguous. See United States v. Jennings, 323 F.3d 263, 266 (2003). If they are not, we are bound to apply the statute according to its plain terms. Id. In addressing whether there is an ambiguity, our determination is guided “by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.” Id.; see also Davis v. Michigan Dep’t of Treasury, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989) (“It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.”).
The parallel phrase “before entry of a plea of guilty” provides the proper context in which to determine the meaning of “before trial.” This language unequivocally recognizes that notice at any time prior to a guilty plea is timely. Thus, notice given after jury selection is timely if the defendant subsequently pleads guilty. Were we to accept Jones’ argument that “before trial” means before jury selection, however, a striking inconsistency would result. Notice given after jury selection would be timely if the defendant ultimately pleads guilty, but untimely if the defendant elects to proceed to trial. There is no basis to adopt this incongruous result. See American Tobacco Co. v. Patterson, 456 U.S. 63, 71, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982) (noting that statutory interpretation should “avoid untenable distinctions and unreasonable results whenever possible”). I therefore conclude that the terms of the statute, when considered in their proper context, are not ambiguous and that “before trial” means before the swearing of the jury.
Admittedly, several courts have determined that for purposes of § 851, “before trial” means before jury selection.[3] The Eighth Circuit was the first court of appeals to address this question. In United States v. Johnson, that court, without addressing the text of the statute, reasoned that notification before jury selection “allows the defendant ample time to determine whether he should enter a plea or go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict.” Johnson, 944 F.2d at 407. I respectfully suggest that this rationale, based upon the court’s perceived policy concerns, fails to address the statute itself. As I have explained, the words “before trial” are not ambiguous within the context of the statute and hence, there is no need to refer to extrinsic matters, even if one considers them to be valid policy concerns. Here, consideration of these extrinsic concerns is not necessary because the text of the statute is clear.
One of the cases relied upon by the dissent, United States v. Jordan, 810 F.2d 262 (D.C.Cir.1987), not only reserved a determination as to when trial begins for purposes of § 851, but also rejected the argument—virtually indistinguishable from the rationale advanced by Johnson and its progeny (and Jones here)—that notice must allow for a “calm meditation period.” Id. at 269 (“[T]hat § 851(a) merely requires that the information be filed before entry of a plea of guilty belies any inference that it guarantees a calm meditation period.”) (internal quotation *853 marks omitted). The court in Jordan acknowledged the fundamental weakness in the general policy argument that Jones urges us to adopt. While § 851 requires that the defendant receive notice, it does not guarantee the defendant “ample time” to develop strategy for the simple reason that notification is timely if given at any time before a guilty plea. Jordan, therefore, supports the approach that I take.
For the foregoing reasons, I conclude that the government provided Jones with timely notice under 21 U.S.C. § 851. Accordingly, I would affirm the judgment of the district court.

. See 18B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4478.3, at 827 (2002) (discussing distinction between waiver and forfeiture). I will hereafter refer to this concept as waiver.

. One leading commentator has noted that the complex nature of the Sentencing Guidelines often results in numerous opportunities to challenge a sentence. If a sentence is set aside on appeal, "the process of setting a new sentence within the Guidelines may require— or at least justify—reconsideration of many aspects of the original determination." Wright et al., supra, at 763 (2002). If a court of appeals intends to control the resentencing process, therefore, it should clearly state what is required of the district court. Id.

. See United States v. White, 980 F.2d 836, 842 (2d Cir.1992); Kelly v. United States, 29 F.3d 1107, 1110 (7th Cir.1994), overruled on other grounds by United States v. Ceballos, 302 F.3d 679 (7th Cir.2002); United States v. Gonzalez-Lerma, 14 F.3d 1479, 1484 (10th Cir.1994); United States v. Johnson, 944 F.2d 396, 407 (8th Cir.1991). But see United States v. Galloway, 57 F.3d 1071, 1995 WL 329242, at *8 (6th Cir.1995) (holding that trial begins when jury is sworn for purposes of § 851).